IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: | Case No. 17-14341 (MDC) |
| JOAN LAGOMARSINO | |
| | Chapter 13 |
| | |
| | **OBJECTION TO CONFIRMATION** |

Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services ("Wells Fargo"), a secured creditor of the Debtor, objects to the Debtor's plan for the following reasons:

A. The Debtor is not entitled to cramdown the 2010 Ford Escape because the vehicle has equity in it. As of the time of filing (June 2017) the Debtor's account had a net loan balance of $8,839.84. As per the June 2017 NADA Official Used Car Guide the vehicle has a current fair market value of $11,225.00. The vehicle is worth more than what is owed and therefore the vehicle has equity and cannot be crammed down. The Debtor must pay the net loan balance at the time of filing of $8,839.84 plus interest at a rate sufficient to protect Wells Fargo from risk of loss.

B. The Debtor fail to pay interest on Wells Fargo's claim. Wells Fargo is entitled to be paid the prime rate of interest plus an increase for risk of loss. In Re Till. The prime interest rate at the time of the Debtor's filing was 4.25%. Wells Fargo objects to the Debtor's plan unless the Debtor pays an interest rate of 6.25% on the $8,839.84 over the life of the plan (60 months) in order to adequately protect Wells Fargo for any risk of loss.

C. The plan as proposed also violates §1326(a)(1) since it does not provide for payment to Wells Fargo of adequate protection payments. Adequate protection payments should be made to Wells Fargo beginning in July of 2017 at $112.00 per month, being 1.0% of the vehicle value. Payments should be made within thirty (30) days of filing and should continue up to and after confirmation, until regular payments are to be commenced through the plan to Wells Fargo. Adequate protection payments to Wells Fargo should be given super priority administrative expense status and in all events must be paid prior to payment of any counsel fees to Debtor's attorney.

D. Wells Fargo must retain its lien on the vehicle until such time that the Debtor completes her chapter 13 plan and receives a discharge.

/s/ William E. Craig  
William E. Craig, attorney for  
Wells Fargo Bank, N.A.  
d/b/a Wells Fargo Dealer Services  

Dated: 9/7/17